ETHAN BRAGG

*v.*

CHRISTINE OLSON *et al.*

*Filed at Ottawa May 16, 1889.*

1. SPECIFIC PERFORMANCE—*title in litigation.* Where, by the terms of a contract, the vendor is required to make the vendee a warranty deed at the termination of certain litigation concerning the title, the former can not object to a decree, on bill for specific performance, requiring him to convey whatever title he has, although his title has not yet been established in the litigation.

2. LACHES—*to defeat a specific performance.* Where the purchaser of land in 1863 was let into the immediate possession, and occupied and improved the premises up to his death, in 1867, and his widow and heirs continued in such possession for twenty years or more, it was *held,* on bill by the widow and heirs for a specific performance of the contract, that the defense of *laches* could have no application.

3. STATUTE OF FRAUDS—*must be pleaded.* The Statute of Frauds must be pleaded, to be available as a defense.

4. SAME—*part performance—to take a case out of the statute.* The delivery of possession of land by the vendor, the payment of the purchase money and the making of valuable improvements on the premises by the purchaser and his heirs, will take a parol contract of sale out of the Statute of Frauds.

5. PRACTICE—*time to object—want of proper parties — in chancery.* After a decree for the specific performance of a contract for the sale of land between the parties thereto, it will be too late to raise the question that the representatives of a third party, deceased, are necessary parties, no such question having been raised by demurrer, plea or answer in the court below.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. ALMON KIDDER, Mr. WILLIAM J. AMMEN, and Mr. GEORGE F. HARDING, for the appellant:

A bill for specific performance can not be maintained upon conflicting testimony, nor unless the terms of the agreement are clearly proven. *Colson·*v. *Thompson,* 2 Wheat. 336; *Carr*

v. *Duval,* 14 Pet. 77; *Clark* v. *Clark,* 122 Ill. 388; *McCornack* v. *Sage,* 87 id. 484; *Insurance Co.* v. *Rink,* 110 id. 538; *Wood* v. *Thornly,* 58 id. 464; *Huddleson* v. *Briscoe,* 11 Ves. 583; *Lunz* v. *McLaughlin,* 14 Minn. 73; *Waters* v. *Howard,* 1 Md. Ch. 112.

When the contract is vague or uncertain in its terms, or is not clearly proven, it will not be specifically enforced. *Allen* v. *Webb,* 64 Ill. 342; *Bowman* v. *Cunningham,* 78 id. 48; *Long* v. *Long,* 118 id. 638; *Lakerson* v. *Stillwell,* 13 N. Y. Eq. 357; *Minturn* v. *Baylis,* 33 Col. 129; *Stanton* v. *Miller,* 58 N. Y. 200; *Wallace* v. *Rappleye,* 103 Ill. 229; *Bailey* v. *Edmunds,* 64 id. 126; *Hartwell* v. *Black,* 48 id. 301; *Sands* v. *Sands,* 112 id. 226; *Fleischman* v. *Moore,* 79 id. 539; *Hamilton* v. *Harvey,* 121 id. 469; *Brink* v. *Steadmaa,* 70 id. 241; *Clark* v. *Clark,* 122 id. 388; Waterman on Specific Performance, p. 396, sec. 291.

The record fails to show that Olson entered into possession of the land under the alleged verbal contract. This is enough to defeat the bill. *Pickerell* v. *Morss,* 97 Ill. 220; *Wood* v. *Thornly,* 58 id. 464; *Worth* v. *Worth,* 84 id. 442; *Padfield* v. *Padfield,* 92 id. 198; *Kaufman* v. *Cook,* 114 id. 11; Fry on Specific Performance, (3d ed.) sec. 557, *et seq.;* Waterman on Specific Performance, p. 375, sec. 274; 3 Washburn on Real Prop. 247, 248; *Clark* v. *Clark,* 122 Ill. 388; 5 Wait's Actions and Defenses, 800, 801; Wood on Statute of Frauds, chap. 18.

Messrs. BASSETT & BASSETT, for the appellees:

It is well settled in our State, that a verbal contract for the sale of land, where possession was taken under the contract and the contract price paid, will be enforced. The evidence to establish such a contract is only to be reasonably clear and certain. *Deniston* v. *Hoagland,* 67 Ill. 265; *Adkinson* v. *Tanner,* 68 id. 247; *Rutherford* v. *Sargent,* 71 id. 341; *McDowell* v. *Lucas,* 97 id. 489; *Irwin* v. *Dyke,* 114 id. 305.

The contract will be upheld and enforced where the preponderance of the evidence, although conflicting, clearly establishes and proves the contract against the oath of the defendant; and what the courts hold to be clear and certain proof, is that which was satisfactory to the chancellor. *Rutherford* v. *Sargent*, 71 Ill. 341; *Deniston* v. *Hoagland*, 67 id. 265; *McClure* v. *Otrich*, 118 id. 227; *Smith* v. *Yocum*, 110 id. 145.

It is proved, and not disputed, that Olson took possession of the land in 1863, and continued in possession until his death, in 1867, and his widow continued in possession until the trial of the cause, in 1883. During all this time Bragg never asked for the rents, and never claimed that they were tenants under him. This was evidence of a contract of sale. Fry on Specific Performance, secs. 397, 400; *Rutherford* v. *Sargent*, 71 Ill. 345; *Harris* v. *Knickerbocker*, 5 Wend. 645.

*Laches*, or the Statute of Limitations, does not apply when the complainants are in possession of the land. *Wilson* v. *Byers*, 77 Ill. 76; *Mills* v. *Lockwood*, 42 id. 118.

The position taken, that specific performance will not be decreed because the vendor did not have a good title to the land, is not correct. It is only where the vendor has conveyed afterward to third parties who have no notice, that specific performance will not be enforced. It is no difference whether the vendor has a good title or not. He must convey what he has. *Harding* v. *Parshall*, 56 Ill. 219; *Litsey* v. *Whittemore*, 111 id. 267.

Per CURIAM: This bill, as amended, was by the widow and heirs-at-law of Olof Olson, deceased, against Ethan Bragg, to enforce the specific performance of a contract made in 1862 or 1863, to convey the east half of the north-west quarter of section 20, township 13 north, range 1 west, in Mercer county. It is, among other things, alleged, that it was verbally agreed between said Ethan Bragg and Olof Olson that Olson was to pay Bragg the sum of $600 for said tract of land, $200 of

which was paid at or about the date of the agreement, and the remainder was to be paid on the delivery of a general warranty deed by Bragg, when the title then in litigation between said Bragg and one Erskine should be settled, which was expected to be at the next term of court thereafter to be held; that at that time the land was vacant and unimproved prairie land, and Olson then went into possession of it, under the contract, and fenced it, and broke it, and thereafter continued to use, occupy and claim it, under said contract, until his death, in 1867; that prior to the death of Olof Olson he paid Bragg the full amount agreed by the contract to be paid for the land; that since the death of Olof Olson, his widow and children have been in possession, and continued to the present time to occupy and claim the land under the contract, and have made additional improvements and the necessary repairs on the land; that the litigation between Bragg and Erskine in regard to the title has not yet terminated, and a history of the litigation is then recited; and it is further alleged that the widow of Olson has paid out, at the request of Bragg, a considerable sum on account of that litigation.

The allegations of this amended bill were stipulated to be in issue, and the cause then proceeded to a hearing; and thereupon the decree recites, that "the court finds that the allegations of the bill are substantially true; that the defendant, Ethan Bragg, contracted and sold to Olof Olson, in the year 1863, the east half of the north-west quarter of section twenty (20), township thirteen (13) north, range one (1) west, in Mercer county, Illinois, for the sum of $600, to be paid as soon as the defendant, Bragg, could get the title to said real estate decided, which was then in litigation; that Olof Olson paid the defendant the full amount of the contract price for said real estate, and died, leaving the complainants as his widow and as his only children and only heirs-at-law; that Olof Olson went into the possession of said real estate, under said contract, in the year 1863, and he and his widow and children

continued in possession of the same from that time, and made valuable improvements on the same. The defendant, Ethan Bragg, is therefore ordered to make, execute and deliver to the complainants a deed, conveying said east half of the northwest quarter of section twenty (20), township thirteen (13) north, range one (1) west, in Mercer county, Illinois, to hold as widow and heirs-at-law of Olof Olson, conveying all the title said Bragg had to said real estate in the year 1863, or which he has acquired since that time. And on failure to make such deed in thirty days, then the master in chancery of Warren county is ordered and empowered to make a deed to said complainants, conveying all the title of said defendant, as aforesaid, in and to said premises."

The objections to the decree present, in the main, but questions of fact, and no useful end can therefore be subserved by the statement here, at large, of our reasons for coinciding with the views thereon of the circuit court. It is sufficient that we have carefully considered the evidence, and that, after having done so, we do not feel authorized to hold that the circuit court is clearly in error.in its findings of facts. Harding was not a party to the contract, and it is now too late to raise the question that his representatives are necessary parties to this proceeding, no question in that respect having been raised, by demurrer, plea or answer, in the court below. *Manufacturing Co.* v. *Wire Fence Co.* 109 Ill. 71; *Gibbs* v. *Blackwell,* 37 id. 191; *Willard* v. *Taylor,* 8 Wall. 557.

It does not lie in the mouth of Bragg to object to conveying what title he has. *Harding* v. *Parshall,* 56 Ill. 219; *Litsey* v. *Whittemore,* 111 id. 267.

Olson having been let into possession, as the evidence shows, under the contract, and having remained in possession until his death, and his widow and heirs having been in possession, in his right, ever since, the defense of *laches* can have no application. *Chicago and Eastern Illinois Railroad Co.* v. *Hay et al.* 119 Ill. 502; *Whitsitt* v. *Trustees of Presbyterian Church,*

110 id. 125; *Wilson* v. *Byers,* 77 id. 76; *Mills* v. *Lockwood,* 42 id. 118.

The Statute of Frauds was not pleaded as a defense, but even if it had been, concurring, as we do, with the circuit court in its findings of facts, there was sufficient part performance shown to take the case out of the statute.

The decree is affirmed.

*Decree affirmed.*