(No. 12100.—Decree affirmed.)

DUNCAN McINTYRE *et al.* Appellees, *vs.* DANIEL Mc-
INTYRE, Appellant.

*Opinion filed April 15, 1919.*

1. EQUITY—*when objection of remedy at law is waived.* Where
a defendant answers without insisting upon the fact that the com-
plainant has an adequate remedy at law he submits himself to the
jurisdiction of the court in the case made by the pleadings unless
the court is wholly incompetent to grant the relief sought by the
bill; and this is true although the answer contains a general denial
of all the allegations of the bill.

2. SAME—*equity will relieve against continuing trespass where
there is no adequate remedy at law.* A court of equity will re-
lieve against a continuing trespass where there is no adequate rem-
edy at law; and this rule applies where the evidence shows that by
reason of the small value of the land and the nature of the trespass
the remedy at law will not amount to the cost of procuring it.

3. SAME—*question of misjoinder of parties must be raised in
trial court.* Where no question is raised by demurrer or answer in
the circuit court as to misjoinder of the parties complainant in a
bill for injunction it is too late to raise the question in the Su-
preme Court.

4. SAME—*when a court of equity may determine location of the
boundary line.* A court of equity having acquired jurisdiction to
grant equitable relief will retain the case to do complete justice be-
tween the parties although it becomes necessary to enforce purely
legal remedies, and where the court properly acquires jurisdiction
of a bill to enjoin a continuing trespass it may determine from the
evidence the location of the true boundary line between the lands
of the contending parties.

5. LIMITATIONS—*what is necessary to establish title by adverse
possession.* To establish title by adverse possession the burden is
upon the claimant to show by clear, positive and unequivocal proof
that his possession was adverse, actual, visible, notorious, exclu-
sive, continuous and under a claim of right.

· 6. SAME—*effect of damaging statements of party claiming title
by adverse possession.* While statements made by one claiming
title by adverse possession will not operate, where the title has be-
come vested in him, to divest that title, yet such statements are of
much probative force in determining whether or not, during the
running of the statute, he was claiming ownership of the land.

APPEAL from the Circuit Court of Carroll county; the Hon. JAMES S. BAUME, Judge, presiding.

F. J. STRANSKY, for appellant.

J. L. BREARTON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes on appeal from a decree of the circuit court of Carroll county restraining the appellant from trespassing on the land of the complainant described in the amended bill, and restraining him from destroying any fences which may be constructed by the complainants on the lines found by the chancellor to be the true lines between the lands of the parties hereto.

The amended bill of complaint avers that the complainant Clara McIntyre is the owner of the life estate and the complainant Alden McIntyre is entitled to an estate in fee after the expiration of the life estate of Clara McIntyre in the southwest quarter of the southeast quarter of section 31, township 26, north, range 3, east of the fourth principal meridian, in JoDaviess county, Illinois, and that the defendant, Daniel McIntyre, is the owner of the southeast quarter of the southeast quarter of section 31, township 26, aforesaid, and also the north half of the northeast quarter of section 6, township 25, north, range aforesaid, in Carroll county; that all the complainants reside upon the land above described as owned by Clara and Alden McIntyre and together use it for farming purposes; that defendant, a brother of Duncan McIntyre, resides in Carroll county on the land described as owned by him; that complainants have erected a fence attached to a post at the southeast corner of the southwest quarter of the southeast quarter of section 31, on the south line of their premises; that the defendant has repeatedly destroyed and torn down said fence and driven his cattle back and forth from his

287 – 35

field over the land belonging to Clara and Alden McIntyre
against the repeated protests of complainants and threatens
to continue so to do; that defendant has repeatedly threat-
ened the lives of complainants Duncan and Alden McIntyre
or any person who will attempt to restore or re-build the
fence in question; that if the defendant persists in making
use of the land in question he will eventually acquire and
claim some right therein by adverse possession; that the
actions of the defendant tend to obliterate the boundaries
of the land of the complainants and to diminish the useful-
ness of the same; that because of the actions of the defend-
ant the complainants cannot use their land for the purpose
of pasturing cattle or other animals or for other proper
purposes; that the complainant Duncan McIntyre is the
husband of Clara and the father of Alden McIntyre, and
resides with them on said premises and assists in the man-
agement, control and operation of their farm; that defend-
ant has repeatedly threatened personal violence and bodily
harm to him if he attempts to assist in restoring and pre-
serving the fence in question; that complainants cannot ob-
tain adequate relief in a court of law for the reason that
a pecuniary damage to the property cannot be adequately
measured and awarded in an action at law, and that the
amount thereof, in any event, would be less than the costs
of litigation in an action at law; that the acts of the de-
fendant are such as to disturb the peace of mind of each
of the complainants, and for this there is no adequate pe-
cuniary compensation; that the defendant threatens to con-
tinue said trespasses; that the fence in question is on the
line between the premises of the complainants and the de-
fendant. The answer denies that the complainants are the
owners of the land described in the amended bill and also
denies the charges of trespass and threats therein alleged;
avers that the fence cut down by the defendant was wrong-
fully erected by the complainants on land of the defendant;
that the land in dispute is owned and possessed by the de-

fendant; that he has been in the open, peaceable, notorious, adverse, exclusive and uninterrupted possession for more than twenty years last past and is therefore the owner thereof in fee simple.

It appears from the plat in evidence that the west forty acres of the land of the defendant lying in Carroll county lie south of and adjoin said land of the complainants, and that the east forty acres of the land of the defendant in Carroll county lie south of and adjoin the land of the defendant in JoDaviess county; also that the land of the defendant in JoDaviess county adjoins said land of the complainants on the east. The corner in dispute is that formed by the conjunction of the north and south line between the land of the complainants and that of the defendant lying in JoDaviess county with the county line between JoDaviess and Carroll counties. This corner occurs midway on the north line of defendant's Carroll county land, said north line being the county line referred to. A dry run or water-course extends across the complainants' land near the southeast corner thereof and cuts off a small tract from the balance of said land, so that said tract is not tilled or used by complainants. Another depression lying east of said water-course, and known in this case as the "ditch," extends across the corner in dispute in the same general direction as the water-course referred to. This ditch, which was evidently a former water-course, is approximately thirteen feet wide and from two to three feet deep and is covered by grass and weeds. This ditch constitutes the greater part of the land in dispute. The trespass complained of consisted in defendant's driving his cattle through and over this ditch in taking them from his land in Carroll county to his land in JoDaviess county, and in destroying a fence constructed by complainants on the line claimed by them as their south line at said corner. Although there is evidence tending to show that complainants at times, though not continuously, maintained a fence running north on their east

line from this corner, it appears that no fence was maintained on complainants' south line running west at this corner except that destroyed by defendant. A portion of an old rail fence, however, extends east, on or near the south line of complainants' land, from the east bank of the present water-course to a point within about thirty-one feet of the corner in dispute, as found by the circuit court, where it curves to the northeast and then north along the west bank of the ditch, thus leaving an open space west of the corner, as found by the court.

The chancellor found the equities to be with the complainants in the amended bill and granted a decree of injunction restraining defendant from interfering with or destroying any fence put up by complainants on the line and at the corner found by the court to be the line and corner, and further restraining the defendant from trespassing upon the land so found to belong to complainants.

Appellant makes the following assignments of error: First, that the court, as a court of equity, was without jurisdiction, as there existed an adequate remedy at law; second, that the complainant Duncan McIntyre has no such interest as would entitle him to the relief prayed; third, that the court had no jurisdiction to establish division lines and corners by decree; fourth, that the defendant by adverse possession has acquired the fee to the land in dispute; fifth, that the evidence does not sustain the findings and the decree.

As to appellant's first contention, the rule is that where the defendant puts in an answer not insisting upon the fact that the complainant has an adequate remedy at law, he submits himself to the jurisdiction of the court in the case made by the pleading unless the court is wholly incompetent to grant the relief sought by the bill. (*Kaufman* v. *Wiener*, 169 Ill. 596; *Holmes* v. *Doe*, Clark's Ch. 73; *Ramsey* v. *Harris*, id. 331; *Tyler* v. *McGuire*, 17 Wall. 288.) It appears from the record that the defendant demurred to

the bill but did not stand by this demurrer when the same was overruled. It also appears from the answer filed that defendant did not deny the allegations of the bill that the complainants were without adequate remedy at law. While there was a general denial of all the allegations of the bill, this was not sufficient to take the answer out of the rule. (*Kaufman* v. *Wiener, supra.*) It is the rule, however, that if, upon a consideration of the whole case, the complainant is not entitled to the relief sought, the defendant may have the benefit of the same point raised by demurrer. The allegations of the complaint must be proven though not specifically answered. (*Stemm* v. *Gavin,* 255 Ill. 480.) Courts of equity will relieve against a continuing trespass where there is no adequate remedy at law. (*Cragg* v. *Levinson,* 238 Ill. 69; *Watson* v. *Sutherland,* 5 Wall. 74; 1 Pomeroy's Eq. Jur. sec. 1357; 22 Cyc. 768.) The evidence shows that by reason of the small value of the land and the nature of the trespass the remedy that may be had against the defendant would not amount to the cost of procuring it. As was said in *Watson* v. *Sutherland, supra:* "It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." The bill stated grounds for equitable relief.

Appellant's second contention is that complainant Duncan McIntyre has no such interest in the subject matter as to entitle him to the relief prayed. No question was raised by demurrer or answer in the circuit court as to misjoinder of parties and it is now too late to raise it here. *Bragg* v. *Olson,* 128 Ill. 540; *Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 109 id. 71; *Gibbs* v. *Blackwell,* 37 id. 191; *Willard* v. *Taylor,* 8 Wall. 557.

The third contention of the appellant is that the chancellor had no jurisdiction to determine division lines and corners but that such must be established in the manner

provided by statute. While the statute provides a means of determining such questions it does not follow that such is the only legal method of determining them. The determination of the true division lines between these parties was essential to the determination of the right of the complainants to the relief prayed for. A court of equity having acquired jurisdiction to grant equitable relief will retain the case to do complete justice between the parties although it becomes necessary to enforce purely legal remedies. (*Miller* v. *Rowan*, 251 Ill. 344.) The chancellor did not err in determining from the evidence the location of the true lines and corner.

It is next contended by the appellant that he has by adverse possession acquired the fee in the land in dispute. To establish title by adverse possession the burden is upon the appellant to show by clear, positive and unequivocal proof that his possession was adverse, actual, visible, notorious, exclusive, continuous and under a claim of right. (*Kinsella* v. *Stephenson*, 265 Ill. 369; *Towle* v. *Quante*, 246 id. 568.) The evidence of the defendant tends to show that he had at different times used the tract in question for potatoes and farm crops with other portions of his land in JoDaviess county. This is disputed by the complainants. The testimony of the complainants appears to be borne out by the physical facts. Practically all of this disputed land lies in this ditch, which is about thirteen feet wide at this point and has abrupt banks two or three feet in height. An abrupt hill rises about twenty-five feet east of the east side of this ditch, making the farming of this disputed tract hardly practicable. It also appears that for years the bottom of this ditch has been covered with grass and weeds. The testimony of the defendant discloses that he began using this ditch as a passageway for his cattle about four or five years ago and that this suit was started shortly thereafter. From a review of the entire testimony we are of the opinion that the defendant has not established

his claim to title by adverse possession. In addition to this, the defendant stated on the trial that he was only claiming such land as would be shown to be his by a proper survey. While it is true that statements made by one claiming title by adverse possession will not operate, where the title has become so vested in him, to divest that title, yet such statements are of much probative force as evidence in determining whether or not, during the running of the statute, he was claiming ownership of the land in question.

We have read the record with care and are of the opinion that the evidence sustains the decree of the chancellor and that the record contains no errors warranting a reversal of that decree.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*

---

(No. 12504.—Reversed and remanded.)
SYBIL TUCKER, Admx., Defendant in Error, *vs.* CARL MUELLER *et al.* Plaintiffs in Error.

*Opinion filed April 15, 1919.*

1. BILLS AND NOTES—*whether indorser is personally accommodated is question of fact—corporations.* Where a note is indorsed in blank on the back at or before its delivery the question whether the indorsers are personally accommodated is a question of fact, and there is no presumption that they are benefited because they are officers of the corporation giving the note.

2. SAME—*indorser is not liable in absence of due presentation and notice of dishonor.* Under the Negotiable Instrument act an indorser, or one who is deemed to be an indorser under section 63 of the act, will not be held liable in the absence of due presentation of the note to the maker and notice of its dishonor to the indorser.