PER CURIAM.
The record in this case fails to state that ifc contains all-the evidence, in consequence of which we must assume that there was evidence sufficient to warrant the judgment rendered. We have, however, examined the evidence contained in the record, and are of opinion that it is sufficient to support the finding of the trial court. It appears by the testimony of plaintiff that he was employed by certain creditors to collect debts which were owing to them by one Statts; that, when plaintiff negotiated with Statts for payment, he delivered to the former the mortgage now sought to be foreclosed, under an arrangement that plaintiff was to sell the same for a specified sum, apply the proceeds to the payment of the debts, and deliver the remainder after payment toStatts. And it was then suggested that Teator, one of the creditors represented by plaintiff, might be induced to purchase the same at a specified sum, and, if so, that Teator could pay himself and the other creditor for whom plaintiff acted, and that Statts *147 would trad'; out the remainder at Teator’s store. Plaintiff took rhe mortgage, negotiated a sale of it to Teator on the specified terms, and thereafter an assignment of the mortgage was made by Statts to Teator, and an agreement drawn and executed, stating the terms upon which Teator took title to the mortgage. It thus appears that plaintiff’s connection with the transaction was the ordinary one of an attorney collecting a debt for his client. And it is evident that when he received the mortgage he took no title to the same, either as trustee or otherwise. It was not intended that he should take title as trustee, or acquire any beneficial interest therein, either for himself or another. He was a mere agent and attorney, was employed as such, and as such conducted the negotiations which resulted in the assignment of the mortgage to Teator. He therefore is without interest, either legal or equitable, individually or as trustee, in the mortgage, and the conclusion of the court in. this regard is sound in fact and law. This result renders unnecessary of consideration whether error was committed by the court in the reception of evidence upon the trial. We may assume that the court erred in this regard. But plaintiff was not thereby prejudiced, for, upon his own showing, he could not recover, as he was without interest in the subject-matter.
It follows that the judgment appealed from should be affirmed, with costs.