THE PEOPLE *ex rel.* WALTER FLEMING, Plaintiff-Appellee, *v.* JAMES B. CONLISK, JR., Superintendent of Police, Defendant-Appellant.

(No. 56852;

First District (2nd Division)—May 8, 1973.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel,) for appellant.

John J. Cogan, of Oak Brook, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a complaint for a writ of *mandamus*. Plaintiff Walter Fleming sued defendant James B. Conlisk, Jr., Superintendent of the Chicago Police Department, to compel restoration of his position as a patrolman in the Chicago police force. After an amended complaint was filed, defendant moved to strike and dismiss on the ground that it did not state a cause of action. Defendant alleged that on the face of the complaint, it appeared plaintiff was guilty of *laches* in failing to prosecute his cause of action within six months after it accrued. The trial court, however, found that plaintiff was not guilty of *laches* and overruled the motion to dismiss. Defendant elected to stand on his motion. The trial court then issued the writ of *mandamus* commanding the defendant reinstate plaintiff to his position as a patrolman in the Chicago police department. In this appeal, the only issue is whether plaintiff's complaint for *mandamus* was barred by *laches*. This issue is resolved by an appraisal of the allegations in plaintiff's one-count complaint. See *Boyd*

*v. Racine Currency Exchange, Inc.*, 8 Ill.App.3d 140, 141, 289 N.E.2d 218.

## I.

The amended complaint alleged that plaintiff was employed as a Chicago patrolman on February 1, 1958. On March 1, 1967, he took a one year leave of absence which was extended by two annual applications to March 1, 1970. During this leave, plaintiff was employed in the security department of Sears, Roebuck and Company. On February 1, 1970, he was arrested and charged with theft. Plaintiff reported this fact to the chief of the internal investigations division of the Chicago police department. On March 1, 1970, not having requested extension of his leave, plaintiff reported for duty. He was instructed to report to the personnel department of the force. Plaintiff followed these instructions and reported to Sergeant Robert Killion. Then, plaintiff was ordered to return to the same office on Monday, March 2, 1970. When he returned, he remained there all day and was ordered to report March 3. He did so; and on that day, Sergeant Killion ordered plaintiff to return home, telling him that the police department would contact him. A month later, on April 3, 1970, plaintiff was indicted for theft. Thereafter, from time to time, he telephoned Sergeant Killion inquiring about his status with the Chicago police department. He was advised each time that no action had been taken.

On November 30, 1970, plaintiff's lawyer wrote defendant a letter inquiring whether any charge had been preferred against him because if none had, plaintiff desired to return to his patrolman's position immediately. There was no reply to the letter. In the meantime, plaintiff's indictment for theft was pending. On May 11, 1971, he was tried and acquitted. On the same day, he reported this disposition to Sergeant Killion. Plaintiff was ordered to report for duty on May 17, 1971 at 8:30 A.M. in the office of the personnel director of the Chicago police department. Plaintiff did, but at the end of the day he was told to return home because he would not be reinstated until the receipt of certain files from the office of the State's Attorney. Thereafter, daily, until this suit was filed, plaintiff called the police department but was advised that no action had been taken on his case. On May 24, 1971, plaintiff's lawyer wrote to defendant calling his attention to the letter of November 30, 1970 and demanding plaintiff's return to his patrolman's position immediately. There was no response. The complaint in this case was filed two days later. It prayed for issuance of a writ of *mandamus* directed to the defendant requiring him to return plaintiff to his· position in the Chicago police department.

## II.

These allegations disclose that on February 27, 1970, because his leave of absence was to expire on March 1, plaintiff requested return to duty as a Chicago police department patrolman. Defendant, however, took no action nor made any ruling on this request. Although a criminal charge was pending against plaintiff, defendant did not suspend him nor tell him he was not going to be restored to his patrolman's position. After he was acquitted of the charges against him, plaintiff again returned to defendant's personnel director and reported for duty. He was told that he would not be reinstated until some undefined papers or files were received from the State's Attorney of Cook County. Again, no action was taken by defendant on plaintiff's request that he be returned to his position as a Chicago patrolman. On May 26, 1971, one day less than fifteen months after February 27, 1970, plaintiff filed his suit for *mandamus*. Defendant contends that passage of this length of time was *laches* that barred plaintiff from any relief. Defendant argues that it was error for the trial court to grant plaintiff the writ of *mandamus*.

■■ *Laches* is neglect for an unreasonable and unexplained length of time when the circumstances permit the doing of that which in law should have been done. (See *Selsor v. Shelby*, (Mo.App. 1966), 401 S.W.2d 169; *Hanns v. Hanns* (1967), 246 Ore. 282, 423 P.2d 499; 30A C.J.S. Equity § 112.) It is said that *laches* is inexcusable delay in asserting a right. (See *Cory v. City of Hillsboro*, 205 Ill.App. 49, *Lulay v. Lulay* (1967), 247 Ore. 497, 429 P.2d 802.) The doctrine of *laches* applies to *mandamus* proceedings. (*People ex rel. Ballinger v. O'Connor*, 13 Ill.App.2d 317, 142 N.E.2d 144.) The period of six months has been established as the time within which a complaint for *mandamus* must be filed, unless a reasonable excuse is shown for the delay. (*People ex rel. Cronin v. Cahill*, 118 Ill.App.2d 18, 254 N.E.2d 161.) Particularly, the doctrine of *laches* applies to proceedings to reinstate a discharged public employee. See Annot., 145 A.L.R. 767, 804.

■ There is no absolute rule by which *laches* can be determined. 30A C.J.S. § 115. What facts will combine to constitute *laches* depend on the circumstances of each case. (*Pyle v. Ferrell*, 12 Ill.2d 547, 553, 147 N.E.2d 341; *Monroe v. Civil Service Commission of City of Waukegan*, 35 Ill. App.2d 354, 204 N.E.2d 486.) Moreover, existence of *laches* is a question addressed to the sound discretion of the trial court. See *People ex rel. McCoy v. McCahey*, 296 Ill.App. 310, 15 N.E.2d 988; *Kadon v. Board of Fire and Police Commissioners*, 45 Ill.App.2d 425, 195 N.E.2d 751.

■■ In this case, the facts alleged in plaintiff's amended complaint, illumined as they were by plaintiff's testimony when defendant's motion

524

was heard, do not show neglect for an unreasonable and unexplained length of time. The trial court, after reviewing the complaint, listening to plaintiff's testimony and hearing defendant's argument that plaintiff was guilty of *laches*, ruled that "* * * he [plaintiff] didn't really know what his rights were. He didn't know what his status was. And I believe him." In oral findings, the trial court concluded that defendant's failure to act on plaintiff's requests to return to work explained why plaintiff did not take legal action within six months after his leave of absence expired. The trial court ruled that under these circumstances plaintiff was not guilty of *laches*. We agree. *Laches* cannot be imputed to one who has been justifiably ignorant of a right or a cause of action. (*Corcoran v. Waugh*, 368 Ill. 318, 13 N.E.2d 961; 30A C.J.S. Equity § 128.) The judgment is affirmed.

Affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.