THE PEOPLE *ex rel.* JOHN P. CASEY *et al.*, Plaintiffs-Appellees, *v.* HEALTH & HOSPITALS GOVERNING COMMISSION *et al.*, Defendants-Appellants.— THE PEOPLE *ex rel.* WILLIAM J. BAMRICK, Plaintiff-Appellee, *v.* THE MERIT SYSTEM ADVISORY COMMITTEE *et al.*, Defendants-Appellants.

First District (4th Division)  Nos. 61960, 61961 cons.

Opinion filed April 14, 1976.—Rehearing denied May 12, 1976.

Department of Legal Affairs, of Health & Hospitals Governing Commission, of Chicago (William P. Tuggle, Joan M. Pucillo, Gail D. Hasbrouck, and Robert C. Samko, of counsel), for appellants.

Richard F. McPartlin, of Chicago, for appellees John P. Casey and John McIntyre.

John J. Muldoon, of Chicago, for appellee William J. Bamrick.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is a consolidated appeal from the entry of two orders each of which directed a writ of *mandamus* to issue. They commanded defendants to restore relators to their former, respective positions with two hospitals which are under the jurisdiction of the Health & Hospitals Governing Commission of Cook County.

The only issue presented *sub judice* is whether the complaints for *mandamus* were barred by *laches*.

We affirm.

Relators, John P. Casey and John McIntyre, in their complaint for *mandamus*, alleged the following:

■■ They were employed as firemen-oilers at Oak Forest Hospital in 1968. Oak Forest Hospital is under the jurisdiction of the Health & Hospitals Governing Commission of Cook County (the Commission). Both relators had acquired career status within the Commission's merit system. As career employees, neither could be discharged, demoted, or suspended for a period of more than 30 days except for cause and upon written charges pursuant to section 16 of the County Hospitals Governing Commission Act (Ill. Rev. Stat. 1971, ch. 34, par. 5026). On February 15, 1972, the Commission adopted a resolution establishing a compulsory retirement program for all of its employees. On December 29, 1972, John P. Casey was summarily separated and retired from his employment by defendants. John McIntyre was summarily separated and retired on December 31, 1972. Both were terminated without cause and without a hearing or the filing of written charges pursuant to the resolution. On August 15, 1974, the opinion in *Sibley v. Health & Hospitals Governing Commission* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642, was filed by this court. In *Sibley* we held that "since the Act in question neither fixed a compulsory retirement because of age nor expressly delegated such authority to the Commission, the trial judges correctly determined that the Commission was without authority to adopt a valid resolution with reference to compulsory retirement by reason of age." (22 Ill. App. 3d 632, 637, 317 N.E.2d 642, 645.) On November 6, 1974, Casey and McIntyre served notice and demand for reinstatement upon defendants. Shortly thereafter, Casey and McIntyre filed their complaint on November 26, 1974, for a writ of *mandamus* to issue directing defendants to reinstate them with full seniority and back pay. Defendants responded by filing a motion to strike and dismiss the complaint for *mandamus* on the grounds that the action was not timely brought.

Relator, William Bamrick, was certified and appointed in the classified service of Cook County Hospital as a fireman's helper. On December 31, 1972, he was separated from his employment by defendants pursuant to the Commission's mandatory retirement rule. On August 15, 1974, the Illinois Appellate Court, in *Sibley v. Health & Hospitals Governing Commission* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642, declared the resolution adopting the mandatory retirement rule to be invalid and of no effect. On November 26, 1974, Bamrick filed his complaint for a writ of *mandamus* to issue directing defendants to reinstate him to his former position with full back pay. Defendants responded to relator's complaint with a motion to strike and dismiss on the grounds that the suit was not timely brought.

On February 27, 1975, after hearing arguments of counsel, the trial judge denied both motions to strike and dismiss. Defendants elected to stand on their motions. The trial judge then ordered two writs of *mandamus* to issue: one on behalf of John P. Casey and John McIntyre, and the other on behalf of William Bamrick.

Defendants contend that relator's right to reinstatement by way of *mandamus* was lost by the delay of 23 months in bringing their actions. Relators counter that they acted reasonably in delaying the filing of their suits until the determination of a similar suit, namely *Sibley.*

In *People ex rel. Fleming v. Conlisk* (1973), 11 Ill. App. 3d 520, 299 N.E.2d 537, the following concise but thorough statement concerning the doctrine of *laches* appears (11 Ill. App. 3d 520, 523, 299 N.E.2d 537, 539):

> "*Laches* is neglect for an unreasonable and unexplained length of time when the circumstances permit the doing of that which in law should have been done. (See *Selsor v. Shelby,* (Mo. App. 1966), 401 S.W.2d 169; *Hanns v. Hanns* (1967), 246 Ore. 282, 423 P.2d 499; 30A C.J.S. Equity §112.) It is said that *laches* is inexcusable delay in asserting a right. (See *Cory v. City of Hillsboro,* 205 Ill. App. 49, *Lulay v. Lulay* (1967), 247 Ore. 497, 429 P.2d 802. The doctrine of *laches* applies to *mandamus* proceedings. (*People ex rel. Ballinger v. O'Connor,* 13 Ill. App. 2d 317, 142 N.E.2d 144.) The period of six months has been established as the time within which a complaint for *mandamus* must be filed, unless a reasonable excuse is shown for the delay. (*People ex rel. Cronin v. Cahill,* 118 Ill. App. 2d 18, 254 N.E.2d 161.) Particularly, the doctrine of *laches* applies to proceedings to reinstate a discharged public employee. See Annot., 145 A.L.R. 767, 804.
>
> There is no absolute rule by which *laches* can be determined. 30A C.J.S. [Equity] §115. What facts will combine to constitute *laches* depend on the circumstances of each case. (*Pyle v. Ferrell,* 12 Ill. 2d 547, 553, 147 N.E.2d 341; *Monroe v. Civil Service Commission of City of Waukegan,* 55 Ill. App. 2d 354, 204 N.E.2d 486.) Moreover, existence of *laches* is a question addressed to the sound discretion of the trial court. See *People ex rel. McCoy v. McCahey,* 296 Ill. App. 310, 15 N.E.2d 988; *Kadon v. Board of Fire and Police Commissioners,* 45 Ill. App. 2d 425, 195 N.E.2d 751."

■■ Applying these principles to the facts alleged in relators' complaints, this court is of the opinion that relators were not neglectful for an unreasonable or unexplained length of time. Relators filed their complaints a little over 3 months after the *Sibley* decision and a little over one month from the time *Sibley* became final by expiration of the time for further appeal. In the case of *Duncan v. Summerfield* (D.C. Cir. 1957), 251 F. 2d 896, a discharged United States Government employee, did not

file suit until approximately 2 years and 8 months after his dismissal, giving as his excuse that he was awaiting the outcome of a suit by another employee who had been discharged for the same reasons. The court stated (251 F. 2d 896, 897):

"[A] dismissed government employee acts reasonably, and is not guilty of laches, if he awaits the result of a suit by another employee who was dismissed in similar circumstances. The Court of Claims said in *Kaufman v. United States:* 'We do not see how any good purpose could have been served from the standpoint of either the Government or the three persons affected by instituting three different suits and having the Government defend all three and the plaintiffs put to the expense of employing attorneys and possibly paying court costs in all three cases. It was natural that only one should file suit since it was apparent that whatever decision was rendered in that suit would apply to all three cases. This * * * fully explains the delay of plaintiff in not filing suit until after the final decision in the [test] case * * *.' 1950, 93 F. Supp, 1019, 1021, 118 Ct. Cl. 91."

Accordingly, the orders of the Circuit Court of Cook County are affirmed.

Orders affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.