DAVID VAN MILLIGAN, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF GLENVIEW *et al.*, Defendants-Appellees.

First District (3rd Division) · No. 1—90—2425

Opinion filed January 20, 1993.

GREIMAN, J., dissenting.

Frank E. Stachyra, of Riverside, and Flood, Breedeman & Evans, of Park Ridge (James J. Flood and Larry M. Evans, of counsel), for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago (Richard T. Wimmer, of counsel), and Randall, Gayle & Patt, of Glenview (Jeffrey M. Randall, of counsel), for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

This case arises out of the circuit court of Cook County's administrative review of charges brought by defendant David J. Kelly (Chief Kelly), chief of police of the Village of Glenview, Illinois, against plaintiff Officer David Van Milligan of the Glenview police department (the Department), before defendant Board of Fire and Police Commissioners of the Village of Glenview, Illinois (the Board). It is from the circuit court's order affirming the Board's decision to discharge him that Van Milligan appeals to this court. On appeal, Van Milligan contends that: (1) defendants are guilty of *laches* and thus precluded from bringing charges against Van Milligan; (2) it was improper to apply the doctrine of collateral estoppel to the results of the Federal civil trial so as to prevent Van Milligan from receiving an evidentiary hearing before the Board on the facts forming the basis for Van Milligan's discharge; and (3) the decision of the Board in discharging Van Milligan was against the manifest weight of the evidence. We reverse and remand.

The genesis of this case is an unfortunate incident which occurred on July 22, 1982, between Van Milligan and Mr. Milton W. Grosse, a resident of Glenview, Illinois. This incident ultimately led to the arrest of Grosse and pressing of criminal charges against him by Van Milligan. The criminal charges against Grosse were ultimately dropped. Grosse filed both a citizen's complaint with the Department and a civil rights action in Federal court against Van Milligan. In both actions Grosse charged Van Milligan with violating his constitutional rights and with the use of unnecessary force.

In June 1983, pursuant to Rule 8 of "Police Department Rules and Regulations of the Board of Fire and Police Commissioners" (Rules), which addresses the issue of a "Citizen Complaint Against Department Personnel," Deputy Chief of Police Steve Halls concluded

an internal investigation of the matter and found that Grosse's complaint against Van Milligan was "unfounded." A finding of "unfounded" is defined in Rule 11 of the Rules, entitled "Conclusion of Investigation Involving Department Members or Employees," as one in which "[t]he investigation indicates that the act or acts complained did not occur and did not involve police personnel." This finding was concurred in by Chief Kelly and forwarded to the village manager, Grosse, and Van Milligan.

Subsequently, Grosse filed his Federal lawsuit seeking damages from Van Milligan for violation of 42 U.S.C. §1983 (1988) and for pendant State common law claims. (*Grosse v. Van Milligan*, No. 83—C—9334 (N.D. Ill. filed Dec. 20, 1983).) On October 22, 1986, after a jury trial which found in favor of Grosse, the district court entered judgment against Van Milligan and awarded Grosse $50,000 in compensatory damages and $10,000 in punitive damages.

From the time of the incident through the pendency of Grosse's lawsuit, Van Milligan continued in his regular duties as a patrolman for the Department. He was never placed on any special or restricted status. Van Milligan was never told by anyone in the Department that he would face disciplinary proceedings should he lose the civil lawsuit. Van Milligan testified that after his attorneys had discussed settling the lawsuit with Grosse, he approached Chief Kelly to discuss the matter and Chief Kelly said, "Don't settle. The village will be behind you all the way."

On January 4, 1988, following the district court's rulings on posttrial motions in the Federal suit, almost 5½ years after the incident between Grosse and Van Milligan, Chief Kelly brought the instant charges against Van Milligan before the Board. The charges that were brought against Van Milligan alleged that Van Milligan committed the crimes of assault (Ill. Rev. Stat. 1981, ch. 38, par. 12—1) and battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—3) against Grosse, directed obscene language and verbal threats towards Grosse, used excessive force in arresting Grosse, and threatened and inflicted physical and emotional harm upon Grosse while he was in custody, all in violation of the Rules. Each charge also contained the allegation that Van Milligan was estopped from litigating the charges before the Board because of the results of the Federal lawsuit.

At the hearing before the Board, Van Milligan filed motions to dismiss the charges on various grounds, among them, that the doctrine of *laches* applied. All of these motions were denied and on May 3, 1988, the Board found against Van Milligan on four of the five counts, making no finding regarding the charge of directing obscene

language and verbal threats towards Grosse. Consequently, Van Milligan was discharged from the Department.

On June 6, 1988, Van Milligan filed the first of two actions for administrative review of the Board's decision in the circuit court of Cook County. In this action, the circuit court remanded the case to the Board for the limited purpose of allowing Van Milligan to introduce evidence on the question of whether or not his conduct regarding Grosse was within the Rules and training he received as a probationary officer. On remand to the Board, Van Milligan presented additional evidence in accordance with the order of the circuit court. On March 23, 1989, the Board again found against Van Milligan and affirmed its prior decision discharging him.

On April 14, 1989, Van Milligan filed his second action for administrative review in the circuit court of Cook County which was consolidated with his first action. On July 20, 1990, the circuit court, in the consolidated case, affirmed the Board's action in discharging Van Milligan in the second hearing.

In reviewing this case, we shall not indulge in a reexamination of the civil lawsuit upon which the charges against Van Milligan were based; the United States Court of Appeals for the Seventh Circuit was the proper forum for such an appeal. Nor shall we second-guess the Department's internal investigation of this matter. Rather than pass judgment on the conflict between Grosse and Van Milligan, which is what it appears the parties to this case wish us to do, we shall instead focus on the process employed by the defendants *vis-a-vis* Van Milligan. It is with this premise in mind that we now turn to the instant appeal.

Van Milligan argues that the filing of charges against him before the Board is precluded by the doctrine of *laches*. It is Van Milligan's belief that the almost 5½-year span of time between the occurrence of the incident with Grosse and the bringing of charges, coupled with Chief Kelly's encouragement not to settle the Federal civil case and assurances of the village's support, should bar Van Milligan's discharge on the equitable grounds of *laches*. We agree.

■ It is settled law in Illinois that the doctrine of *laches* can operate as bar to a public entity's bringing administrative charges against a public employee. (See *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49; *Monroe v. Civil Service Comm'n* (1965), 55 Ill. App. 2d 354, 204 N.E.2d 486.) Recently, our supreme court has defined the doctrine of *laches* as the following:

"*Laches* is an equitable doctrine which precludes the assertion of a claim by a litigant whose unreasonable delay in raising that claim has prejudiced the opposing party. [Citation.] The doctrine is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights to the detriment of the opposing party. [Citation.] Two elements are necessary to a finding of *laches*: (1) lack of diligence by the party asserting the claim and (2) prejudice to the opposing party resulting from the delay." (Citation.) (*Tully v. Illinois* (1991), 143 Ill. 2d 425, 432, 574 N.E.2d 659.)

"Whether or not laches will apply as a bar depends on the particular facts and circumstances of each case." *Monroe*, 55 Ill. App. 2d at 358.

■ In the case at bar, we find that the first element necessary to a finding of *laches*, a lack of diligence by the defendants in asserting their claim against Van Milligan, is met. We remain unconvinced by the defendants' argument that it was a matter of "definitional necessity" that the outcome of the civil rights case be learned prior to their taking action against Van Milligan. There was nothing at all preventing defendants from pressing charges against Van Milligan at any time during the pendency of the Federal lawsuit. In fact, the Department knew of and investigated Grosse's allegations against Van Milligan from nearly the moment of the incident. Consequently, we believe the delay of almost 5½ years exhibits a lack of due diligence.

We further find that Van Milligan was prejudiced by the delay in bringing charges against him; thus, the second element of *laches* is fulfilled. No one had ever indicated to Van Milligan that the result of Grosse's suit would have any effect on his status with the Department. In fact, the Department indicated support for Van Milligan and encouraged him not to settle the litigation. Moreover, the Department determined, in its internal investigation, that the charges against Van Milligan were "unfounded." It is not unreasonable to believe that had Van Milligan known that the results of the civil suit would be applied in a subsequent disciplinary hearing and would collaterally estop him from litigating those issues before the Board, he might have settled the case or otherwise proceeded differently. Thus, we believe that Van Milligan suffered prejudice as a result of the defendants' delay. Therefore, the defendants were guilty of *laches* and barred from bringing charges against Van Milligan.

Since we have determined that the judgment of the circuit court and decision of the Board are in error and require reversal, there is no need to determine the other issues presented in this appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County, affirming the decision of the Board, is reversed and it is ordered that David Van Milligan be reinstated to his position with the Glenview police department.

Reversed.

CERDA, J., concurs.

JUSTICE GREIMAN, dissenting:
I must respectfully dissent.

The majority suggests that the Village of Glenview is guilty of *laches* in failing to bring discharge proceedings against the plaintiff within a reasonable time after the incident rather than wait for the decision in the Federal civil rights proceeding.

The majority cites, with some irony, *Tully v. State of Illinois* (1991), 143 Ill. 2d 425, 574 N.E.2d 659, for its definition of *laches*. The *Tully* case dealt with *laches* attributable to an individual rather than a unit of government. The doctrine of *laches* or estoppel[1] must be applied with great caution to government and its officials. Such defenses apply to public bodies only under the most unusual circumstances. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 220 N.E.2d 415.) Generally, in applying such doctrines, the courts will not decide such questions by mere lapse of time but rather by all the circumstances of the case and will hold the public estopped only as right

---

[1]The doctrine of equitable estoppel is one which precludes a person from acting or asserting a right which he otherwise might do. The doctrine of equitable estoppel has been applied against municipal corporations; however, such a finding against a public body is not favored. (*Lindahl v. City of Des Plaines* (1991), 210 Ill. App. 3d 281, 295, 568 N.E.2d 1306.) The doctrine has two prerequisites: (1) the affirmative act on the part of the municipality and (2) inducement of substantial reliance by the affirmative act. The affirmative act, however, must be one which induces plaintiff's reliance and must be enacted by the municipality itself, such as legislation, rather than the unauthorized act of a ministerial officer. *Lindahl*, 210 Ill. App. 3d at 295.

Accordingly, the encouragement by the Glenview police chief would not be the kind of affirmative act imputed to a municipality. *People ex rel. Village of Hazel Crest v. Village of Homewood* (1985), 132 Ill. App. 3d 632, 478 N.E.2d 426; *VonBokel v. City of Breese* (1981), 100 Ill. App. 3d 956, 427 N.E.2d 322; *Amalgamated Trust & Savings Bank v. Village of Glenview* (1981), 98 Ill. App. 3d 254, 423 N.E.2d 1230. But see *Wheeling Trust & Savings Bank v. City of Highland Park* (1981), 97 Ill. App. 3d 519, 423 N.E.2d 245; *Forest Preserve District v. Illinois Local Labor Relations Board* (1989), 190 Ill. App. 3d 283, 546 N.E.2d 675.

or justice may require. *City of Quincy v. Sturhahn* (1960), 18 Ill. 2d 604, 165 N.E.2d 271.

Accordingly, *Tully*, which looks at the inaction of a private individual, cannot be the standard for developing the defense of *laches* against a public body. Only one Illinois case has recognized the doctrine of *laches* as a bar to discharge of a public employee. (*Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49.) *Mank* held that charges involving undue force used by a police officer were barred by *laches* where the charges were filed 39 to 44 months after the incident occurred. However, such recognition of *laches* was found appropriate only after a review of the evidence indicated conflicting testimony as to what had occurred and that such testimony depended upon recollection and several witnesses were not available. Accordingly, *laches* was available only where the length of time would be sufficient to cause prejudice where resolution of the factual dispute was solely dependent upon recollection.

In two other public employee discharge cases, the courts rejected the defense of *laches*. (*Bultas v. Board of Fire & Police Commissioners* (1988), 171 Ill. App. 3d 189, 524 N.E.2d 1172; *Monroe v. Civil Service Comm'n* (1965), 55 Ill. App. 2d 354, 204 N.E.2d 486.) In *Bultas*, the defense of *laches* was rejected where the complaint was instituted two years after the incident and the plaintiff did not contend that the delay contributed to the unavailability of any material witness and all of the witnesses had the benefit of reviewing prior written statements, none testifying doubtfully or with equivocation as to the incident at issue.

Similarly, the *Monroe* court determined that there was no change in the subject matter of the suit or in the relation of the parties resulting in any disadvantage to the plaintiff by reason of the 27-month delay in asserting the city's claim; nor was there any loss or obscurity in the evidence which would have prevented the plaintiff from presenting his defense.

The prejudice which a party must suffer relates to his ability to properly participate in the administrative proceedings and not merely that he was lulled into a false sense of security by the inaction of the public body.

I cannot deny that the plaintiff, had he known at the time of the incident that his position on the force would be threatened, would not have sought different employment or considered a different career track. But as the court determined in *Monroe*, the plaintiff, there as here, remained in public employment and was paid for his services.

The majority seeks to cast a shadow on the defendant's motives in awaiting the outcome of the Federal civil rights action. However, in *People ex. rel. Casey v. Health & Hospitals Governing Comm'n* (1976), 37 Ill. App. 3d 1056, 347 N.E.2d 261, the court determined that public employees who awaited the result of a suit brought by a fellow employee and predicated upon similar circumstances did not bar their claim for reinstatement although almost two years had passed from the time of discharge.

In considering this issue, the court in *Casey* said " '[a] dismissed government employee acts reasonably, and is not guilty of laches, if he awaits the result of a suit by another employee who was dismissed in similar circumstances.' " *Casey*, 37 Ill. App. 3d at 1059, 347 N.E.2d 261, quoting *Duncan v. Summerfield* (D.C. Cir. 1957), 251 F.2d 896, 897.

Even under the standard in *Tully* it is difficult to discern from the majority opinion any prejudice that the plaintiff has suffered. The mere lapse of time does not, in and of itself, rise to the level of prejudice resulting from delay.

I would, therefore, consider the other issues raised by the plaintiff to determine whether this court should reverse and remand to the trial court.