(Nos. 75080, 75086 cons.

DAVID VAN MILLIGAN, Appellee, v. THE BOARD
OF FIRE AND POLICE COMMISSIONERS OF
THE VILLAGE OF GLENVIEW *et al.*, Appellants.

*Opinion filed January 20, 1994.*

Jeffrey M. Randall and Richard Lee Stavins, of Robbins, Salomon & Patt, Ltd., of Chicago, for appellants Board of Fire & Police Commissioners of the Village of Glenview *et al.*

Arthur C. Thorpe and Richard T. Wimmer, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant Chief of Police of the Village of Glenview.

Frank E. Stachyra, of Riverside, for appellee.

Beth Anne Janicki, of Springfield, for *amicus curiae* Illinois Municipal League.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon and Bobbie McGee Gregg, of counsel), for *amicus curiae* City of Chicago.

Thomas F. McGuire, of Long Grove (James P. Manak, of Evanston, of counsel), for *amicus curiae* Illinois Association of Chiefs of Police.

JUSTICE McMORROW delivered the opinion of the court:

The Village of Glenview chief of police and the chairman and board members of the board of fire and police commissioners of the Village of Glenview (hereinafter collectively referred to as the police board) appeal from the appellate court's decision (241 Ill. App. 3d 807) that the police board's termination of a police officer's employment is barred by the doctrine of *laches* because the police officer's conduct, for which his employment was terminated, occurred more than five years prior to the date on which the disciplinary charges against the officer were filed.

We conclude that principles of *laches* did not bar the officer's discharge. However, we determine that the police board should not have prevented the police officer from presenting evidence in his own defense at his discharge hearing. Consequently, we set aside the police board's discharge of the police officer and remand the matter to the police board for further proceedings consistent herewith.

BACKGROUND

According to the pertinent facts of record, David

Van Milligan (Van Milligan) was discharged for violations of department rules during an encounter with Milton W. Grosse (Grosse), a resident of Glenview, that occurred on July 22, 1982. At the time, Van Milligan was on duty as a police officer of the Village of Glenview. Van Milligan arrested Grosse during the incident and criminal charges were filed against him. Some of the criminal charges were later nol-prossed by the State. Grosse was acquitted of the remainder.

Grosse accused Van Milligan of having committed various civil rights violations during the arrest. Initially the matter was investigated by the deputy chief of the Glenview police department, who determined that Grosse's allegations of civil rights violations were "unfounded." Grosse later filed suit in the Federal district court alleging violations of his civil rights under Federal law (42 U.S.C. § 1983 (1988)) as well as State law claims. Following a jury trial, judgment in the Federal civil rights suit was entered against Van Milligan and in favor of Grosse for $50,000 in compensatory damages and $10,000 in punitive damages.

During the pendency of the Federal suit, Van Milligan continued his duties as police officer of the Glenview police department. He was given satisfactory personnel reviews during this period, and on some occasions the chief of police placed notes of commendation in Van Milligan's file. The chief of police asked that Van Milligan keep him informed of the progress of the Federal proceeding. Once, when Van Milligan informed his police chief that Grosse had made an offer to settle the Federal suit, the chief responded, "Don't settle. The Village will be behind you all the way."

However, after the Federal district court denied post-trial motions in Grosse's Federal suit against Van Milligan, the police chief instituted an action for Van Milligan's dismissal from the police force. Discharge

was sought on the basis that Van Milligan's treatment of Grosse during the July 1982 arrest amounted to an assault and battery, and thereby constituted a violation of Grosse's Federal civil rights. Relying upon principles of collateral estoppel and the transcript of the trial in the Federal civil rights suit, the police board denied Van Milligan the opportunity to present evidence on the question of whether his treatment of Grosse constituted an assault, battery, or violation of Grosse's civil rights under Federal law. The police board then entered a decision that terminated Van Milligan's employment.

Van Milligan sought administrative review of the police board's decision in the circuit court. The trial court denied Van Milligan's request for reinstatement, finding that Van Milligan had been properly discharged and that the doctrine of *laches* did not bar the termination of his employment. The appellate court reversed (241 Ill. App. 3d 807) with one justice dissenting (241 Ill. App. 3d at 812 (Greiman, J., dissenting)). This court allowed the police board's petition for leave to appeal (134 Ill. 2d R. 315).

### APPLICATION OF EQUITABLE DOCTRINE OF *LACHES*

Van Milligan contends that equitable principles of *laches* should be applied in the instant cause to bar his discharge. Van Milligan notes that the Grosse incident occurred in July 1982. However, the action seeking Van Milligan's discharge was not filed until January 1988, almost $5^1/2$ years after the Grosse incident.

Generally, principles of *laches* are applied when a party's failure to timely assert a right has caused prejudice to the adverse party. (*Tully v. State* (1991), 143 Ill. 2d 425, 432.) The two fundamental elements of *laches* are lack of due diligence by the party asserting the claim and prejudice to the opposing party. *Tully*, 143 Ill. 2d at 432.

Van Milligan suggests that both of these elements are present in this case. He contends that the approximate five-year delay in filing disciplinary charges against him evidenced a lack of due diligence. Van Milligan also argues that the record reveals that he was prejudiced by the failure to institute disciplinary charges sooner. The appellate court in the present cause found *laches* applicable for the following reasons:

"No one had ever indicated to Van Milligan that the result of Grosse's suit would have any effect on his status with the [police] Department. In fact, the Department indicated support for Van Milligan and encouraged him not to settle the litigation. Moreover, the Department determined, in its internal investigation, that the charges against Van Milligan were 'unfounded.' It is not unreasonable to believe that had Van Milligan known that the results of the civil suit would be applied in a subsequent disciplinary hearing and would collaterally estop him from litigating those issues before the Board, he might have settled the case or otherwise proceeded differently. Thus, we believe that Van Milligan suffered prejudice as a result of the *** delay. Therefore, the [police chief was] guilty of *laches* and barred from bringing charges against Van Milligan." 241 Ill. App. 3d at 811.

We conclude that the appellate court's decision on this point was in error. The appellate court's reasoning ignored substantial precedent in this State that has applied *laches* against a governmental body's actions only under compelling circumstances. There is considerable reluctance to impose the doctrine of *laches* to the actions of public entities unless unusual or extraordinary circumstances are shown. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 447.) This is so because *laches* "may impair the functioning of the [governmental body] in the discharge of its government functions, and *** valuable public interests may be

jeopardized or lost by the negligence, mistakes, or inattention of public officials." (*Hickey*, 35 Ill. 2d at 447-48.) Although "the reluctance to apply equitable principles *** does not amount to absolute immunity *** from *laches* and estoppel under all circumstances," it has been recognized that *laches* does not apply to the exercise of governmental powers except under "compelling circumstances." (*Hickey*, 35 Ill. 2d at 448; see also *Ferretti v. Department of Labor* (1987), 115 Ill. 2d 347, 352 (holding that State is not estopped from reassessing taxpayer liability, even where a tax return had been previously approved by State).) Also, the decision with respect to whether *laches* should be invoked is generally a discretionary matter. (*Pettey v. First National Bank* (1992), 225 Ill. App. 3d 539, 546.) Our review of the facts of record does not disclose a valid basis to disturb the discretionary determination of the police board in the present case.

Based upon our review of the record, we conclude that Van Milligan has not demonstrated that he was prejudiced by the approximate five-year delay in filing disciplinary charges against him. Van Milligan's suggestions that he *might have* conducted his Federal civil rights defense differently, or that he *might have* entered into a settlement agreement with Grosse in the Federal civil rights proceeding, are speculative and insufficient to prove that Van Milligan was, in fact, harmed by the lapse of time that occurred in the instant cause. Also, as we state in more detail below, it is our determination that this matter should be remanded for a full hearing wherein principles of collateral estoppel will not be applied to limit the evidence Van Milligan presents in his defense. In light of this determination, there is nothing in the record to demonstrate that Van Milligan will be deprived of an opportunity to present a full defense at the disciplinary hearing, notwithstanding

the lapse in time since the Grosse incident occurred in July 1982.

The cases upon which Van Milligan relies for application of *laches* are factually distinguishable from the present case and are consistent with the conclusion we reach herein. For example, in *Monroe v. Civil Service Comm'n* (1965), 55 Ill. App. 2d 354, the appellate court found *laches* inapplicable to a city's discharge of a fire fighter for improper conduct with a private citizen, where the city awaited the outcome of a related civil suit before seeking the fire fighter's discharge. (*Monroe*, 55 Ill. App. 2d at 357-58.) Similar conclusions were reached in *People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108 (*laches* did not bar discharged civil service employee from waiting for result in pending litigation before bringing suit) and *Hippert v. O'Grady* (1981), 97 Ill. App. 3d 310 (*laches* held inapplicable where discharged police officer awaited outcome of pending litigation before seeking reinstatement). In other cases, the courts have refused to apply *laches* where there was no showing of prejudice and the parties could obtain a fair trial notwithstanding the delay in bringing suit. (See *Bultas v. Board of Fire & Police Commissioners* (1988), 171 Ill. App. 3d 189, 195 (*laches* not applied because delay did not prejudice police officer in presenting his defense at hearing that led to his discharge); *Jager v. Illinois Liquor Control Comm'n* (1979), 74 Ill. App. 3d 33, 42 (*laches* not applied where facts were uncontroverted and alleged delay did not prejudice parties' ability to present claims, nor did delay "adversely affect[ ] the ability of the trier of fact from determining the truth of the matters at issue"); *People ex rel. Jaworski v. Jenkins* (1978), 56 Ill. App. 3d 1028, 1032-33 (doctrine of *laches* would not prevent village from filing charges against police officer where written statements had been taken and physical evi-

dence had been gathered; there would be no prejudice to the officer in presenting his own defense and evidence would not be based solely upon recollection of witnesses); *Forberg v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 410, 412 (*laches* held inapplicable where discharged police officer could not show that he was prejudiced by delay or that factual disputes were dependent solely upon recollection of witnesses).) In *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, the court applied the doctrine of *laches* to charges filed against police officer where those charges relied upon conflicting evidence and the unrecorded recollection of witnesses, and several witnesses were unavailable to appear at the hearing. The facts in *Mank* do not bear any significant resemblance to the facts of the present case.

Van Milligan also relies upon a statute of limitations enacted by the General Assembly which provides, in pertinent part, "If the charge is based upon an allegation of the use of unreasonable force by a police officer, the charge must be brought within 5 years after the commission of the act upon which the charge is based." (65 ILCS 5/10—1—18(b) (West 1992 Supp.).) However, the provision explicitly states that the "statute of limitations established [therein] shall apply only to acts of unreasonable force occurring on or after the effective date of this [amendment]" (65 ILCS 5/10—1—18(b) (West 1992 Supp.)), and the amendment was effective as of December 22, 1992. The statutory period was adopted after the incident between Van Milligan and Grosse that gave rise to Van Milligan's discharge, and is therefore inapplicable to the instant cause.

Van Milligan further contends that the statutory limitation period should apply as a matter of equity. According to Van Milligan, if a delay in filing suit exceeds the limitation period, " 'equity follows the law

by adopting that limitation period as the period constituting laches as well.' " (*Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 865, quoting *Rakstiene v. Kroulaidis* (1975), 33 Ill. App. 3d 1067, 1072.) However, as we note above, we do not believe that equitable principles of *laches* should be invoked under the facts of the present case.

In light of these considerations, we conclude that the appellate court erred in its application of *laches* principles to the instant cause. Van Milligan is not entitled, based on *laches*, to reinstatement of his employment as a police officer on the Glenview police force. The decision of the appellate court on this issue is reversed.

### APPLICATION OF PRINCIPLES OF COLLATERAL ESTOPPEL

Van Milligan also contends that collateral estoppel principles should not have been applied to prevent him from presenting evidence at his discharge hearing. The police board determined that the transcript of the Federal district court proceeding, with respect to Grosse's civil rights suit against Van Milligan, was adequate basis to resolve the charges filed against Van Milligan by the police chief.

The record reveals that when Van Milligan initially filed his action for administrative review of the police board's decision, the trial court remanded the cause to the board for the limited purpose of allowing Van Milligan to present evidence regarding whether his conduct during the Grosse incident fell within the parameters of the rules and training he had received as a probationary officer. On remand, the police board permitted the introduction of such evidence. However, the board did not allow the introduction of additional evidence regarding Van Milligan's alleged assault, battery, or

violation of Federal civil rights during the Grosse incident. The board again found against Van Milligan and affirmed its original decision to terminate his employment. Thereafter, the trial court considered and rejected Van Milligan's second request for administrative review of the board's termination of his employment. Thus, Van Milligan was not afforded the opportunity to present additional evidence, at his disciplinary hearing, regarding the issues of whether his conduct during the Grosse incident amounted to an assault, battery, or violation of Grosse's Federal civil rights.

The police board's decision to exclude this additional evidence which Van Milligan sought to introduce relied upon principles of offensive collateral estoppel. This court recently reviewed the doctrine of offensive collateral estoppel in *In re Owens* (1988), 125 Ill. 2d 390. As explained in *Owens,* offensive collateral estoppel "occurs when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in another action." (*Owens,* 125 Ill. 2d at 397.) This court counseled against an "unrestricted" use of offensive collateral estoppel (*Owens,* 125 Ill. 2d at 399), noting that application of the doctrine in the second suit permits the plaintiff to " 'adopt a "wait and see" attitude [during litigation of the first lawsuit], in the hope that the first action by another plaintiff will result in a favorable judgment.' " (*Owens,* 125 Ill. 2d at 398, quoting *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 330, 58 L. Ed. 2d 552, 561, 99 S. Ct. 645, 651.) This court also noted that principles of fairness counseled against the "unrestrained offensive use of collateral estoppel." (*Owens,* 125 Ill. 2d at 399.) In this respect, it was noted that, if the defendant initially did not foresee the likelihood of later litigation involving the same subject matter, the defendant would be placed "in a difficult predicament" if a second suit were

commenced and if additional, or different, liability were imposed in the second lawsuit. (*Owens*, 125 Ill. 2d at 399.) This court further observed:

> "The[se] *** considerations indicate to us that courts must be more cautious in allowing collateral estoppel to be used offensively than in allowing it to be used defensively. In our view, in ordinary civil cases, circuit courts must have broad discretion to ensure that application of offensive collateral estoppel is not fundamentally unfair to the defendant, even though the threshold requirements for collateral estoppel are otherwise satisfied. The threshold requirements *** are: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." (*Owens*, 125 Ill. 2d at 399-400.)

Based upon these considerations, this court determined in *Owens* that, although factual findings in a criminal case could be given offensive collateral estoppel effect in an attorney disciplinary suit, the factual findings of a civil fraud case could not be the basis for collateral estoppel against the respondent to an attorney disciplinary action. (*Owens*, 125 Ill. 2d at 400-01.) The court reasoned that the "risk of unfairly imposed discipline is too great, and the economy to be gained too minimal, to warrant such an abridgement of the disciplinary process." *Owens*, 125 Ill. 2d at 401.

The reasoning of *Owens* is equally applicable to the present cause. Although it would appear that the threshold requirements of collateral estoppel might be satisfied in this case, we believe it would be highly unfair to the police officer, Van Milligan, if offensive collateral estoppel effect were given to the factual findings of the Federal civil rights suit in this subsequent disciplinary

proceeding in which the police chief seeks the officer's discharge. We believe that the police officer's substantial interest in a full hearing, where the grounds for any discipline imposed will be *fully and fairly* litigated, militates against the application of principles of offensive collateral estoppel in this case. Accordingly, we conclude that Van Milligan is entitled to a new disciplinary hearing where he will be permitted a full opportunity to present evidence in response to the disciplinary charges lodged against him.

Van Milligan further argues that the judgment of the appellate court should be affirmed, because the decision to discharge him was against the manifest weight of the evidence. The police board determined that Van Milligan's conduct during the July 1982 arrest showed a substantial shortcoming in his performance as a police officer and that his continued employment would cause a material impairment to the discipline and efficiency of the municipality's police force. We have thoroughly reviewed the evidence of record. Based upon that review, we cannot say that the police board's decision was against the manifest weight of the evidence or wholly unsupported by the evidence presented for its consideration. (See, *e.g.*, *Launius v. Board of Fire & Police Commissioners* (1992), 151 Ill. 2d 419, 428, 435-36.) However, our determination is not to be considered conclusive on remand, and we express no opinion with regard to the result that should obtain in a new disciplinary hearing.

For the reasons stated, the judgments of the appellate court and the circuit court are reversed, the decision of the police board is set aside, and the cause is remanded to the police board for further proceedings consistent herewith.

*Appellate court reversed; circuit court reversed; board decision set aside; cause remanded.*